[Crim. No. 5856.   Second Dist., Div. One.   Sept. 5, 1957.]

THE PEOPLE, Respondent, v. MANUEL DIAZ et al., Defendants; FREDERICO MUNOZ, Appellant.

Frederico Munoz, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

THE COURT.— This is a motion by appellant to augment and correct the record on appeal as follows:

"1. Inclusion of the preliminary hearing, so that testimony and evidence thereon produced, may be shown to be in conflict with that given on the trial, the same having been considered by the trial court and by reference and inference made a part of the proceedings herein appealed.

"2. Inclusion of all opening and closing arguments of all counsel, so that it may be shown that certain points, appellant intends to rely on, were called to the trial court's attention and its rulings on said points; and so that this Court, may determine therefrom the propriety of the trial court's RULINGS and ORDERS.

"3. Inclusion of the probationary reports filed in this cause under the respective Penal Code sections relating thereto."

As to the first paragraph in appellant's motion, an examina-

tion of the record discloses that the transcript of the testimony adduced at the preliminary examination was not before the court at the trial, and necessarily therefore, cannot be made a part of the record on appeal.

As to including in the record the oral argument of counsel, we fail to perceive the materiality of such an addition to the record. The cause was submitted to the court, after waiver of a jury trial by appellant. The reason given by appellant, "that it (the oral argument of counsel) may be shown that certain points were called to the trial court's attention and so that this court may determine therefrom the reason for the trial court's ruling thereon," cannot be considered a valid reason for augmentation under the circumstances of this case. The correctness of the court's decision on the issue of guilt or innocence must be determined solely from an examination of the evidence and the rulings made during the trial. It is in no way connected with the argument of counsel. Furthermore, the reporter's transcript on file herein contains the reasons given by the court for the finding of guilt. Also the argument of appellant's counsel on the motion for a new trial is contained in the reporter's transcript, and the "points" referred to by appellant are fully covered therein.

Concerning the request for "inclusion of the probationary reports" in the record, first of all, appellant was not eligible for probation and certainly the report of the probation officer, filed as it was, after the decision of guilt was reached, could have had no bearing upon that issue which was determined at the trial. Also, the record reflects that the court ordered the sentences to run concurrently. The materiality or relevancy of the probation officer's report is not apparent to us.

Although we are inclined to permit augmentation of the record liberally in furtherance of justice, we have come to the conclusion that in this case, for the foregoing reasons, no sufficient cause is shown for the requested augmentation of the record, and that to order the same would not be justified.

The motion is denied.